UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRIS M. BLANKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1488 JSD |
| RONNIE L. WHITE, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

Self-represented plaintiff Jerris Banks brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 389, 397 (1971), for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00 *See* 28 U.S.C. § 1915(b)(1). As plaintiff is now proceeding in forma pauperis, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). As such, plaintiff's motion for appointment will be denied as moot.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff, an inmate at the Federal Correctional Institution at Seagoville, Texas, brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 389, 397 (1971)[1] against federal district court Judge Ronnie L. White. [ECF No. 1]. Plaintiff alleges that "perjured legal documents were used against [him] at trial." *See United States v. Blanks*, No. 4:16CR271 RLW (E.D.Mo). When he purportedly brought the matter to Judge White's attention in his motion to vacate, *Blanks v. United States*, No. 4:22-CV-1257 RLW (E.D.Mo), Judge White allegedly accused plaintiff of being the source of "inconsistencies and

---

[1] "An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id.*

3

false information." Plaintiff accuses Judge White of showing bias against him in his § 2255 proceedings, siding with the government and accusing plaintiff of bringing false claims.[2]

Plaintiff claims he is "at risk" of being accused of perjury because of failing to say he called Google. He asserts that he has been denied *Brady* material. *See Brady v. Maryland*, 373 U.S. 83 (1963). However, plaintiff does not indicate whether this allegedly occurred in his criminal action or in his 28 U.S.C. § 2255 action.

For relief, plaintiff seeks a Court Order protecting him from charges of perjury. Plaintiff also seeks to enjoin Judge Ronnie White from presiding over his 28 U.S.C. § 2255 action.

## Discussion

### A. Sovereign Immunity

Plaintiff first sues Judge Ronnie White, a federal district judge, in his official capacity. Sovereign immunity prevents the court from exercising jurisdiction over claims for damages against Judge White in his official capacity.

The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411-12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

---

[2]The Court notes that plaintiff has filed several motions to recuse Judge White in his motion to vacate action. *Blanks v. United States*, No. 4:22-CV-1257 RLW (E.D.Mo).

A lawsuit against a government official in his official capacity is tantamount to a suit against "an entity of which an officer is an agent[,]" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks omitted) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)); therefore, the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity. Congress may waive sovereign immunity, but any such waiver must be express. *United States v. Mitchell,* 445 U.S. 535, 538 (1980).

Here, plaintiff sued Judge White in his official capacity. Judge White is part of the United States government for purposes of sovereign immunity. *See Graham*, 473 U.S. at 165-166. The United States clearly falls within the protective reach of sovereign immunity. There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, this court lacks jurisdiction over plaintiff's claims against Judge Ronnie White in his official capacity.[3]

**B. Judicial Immunity**

Plaintiff also sues Judge Ronnie White in his individual capacity. Judicial immunity protects Judge White from claims against him in his individual capacity.

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge

---

[3]Additionally, to the extent that plaintiff brought suit against Judge White in an effort to seek to recuse Judge White from presiding over his motion to vacate, the Court declines to allow him to do an end-run around the recusal statute.

5

is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity from *Bivens* actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762.

The United States Court of Appeals for the Eighth Circuit has explained:

> The factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity. In examining these factors, if only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a nonjudicial act, because an improper or erroneous act cannot be said to be normally performed by a judge. But if judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority. The relevant inquiry is the nature and function of the act, not the act itself. This means that to determine whether an act

6

is judicial, courts look to the particular act's relation to the general function normally performed by a judge.

*Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (internal citations and quotations omitted).

Plaintiff has not indicated that Judge Ronnie White acted outside the scope of the general functions normally performed by a federal judge. Therefore, this Court cannot say that Judge Ronnie White is not entitled to judicial immunity. Thus, even if plaintiff had brought claims against Judge Ronnie White in his individual capacity, those claims would be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of November, 2023.

                                                    HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE